**KENTUCKY BAR ASSOCIATION,**
Complainant,

v.

**Markita J. SHELBURNE, Respondent.**

**No. 96–SC–860–KB.**

Supreme Court of Kentucky.

Oct. 24, 1996.

## OPINION AND ORDER

Markita J. Shelburne was charged with unethical conduct and was temporarily suspended from the practice of law by order of this Court on March 21, 1996. *Kentucky Bar Association v. Shelburne,* Ky., 918 S.W.2d 735 (1996). Ms. Shelburne now moves pursuant to SCR 3.480(3) to be permitted to resign from the Kentucky Bar Association under terms of disbarment. The Kentucky Bar Association has no objection to Ms. Shelburne's motion.

In addition to the unethical conduct resulting in Ms. Shelburne's temporary suspension from the practice of law, Ms. Shelburne currently has thirteen disciplinary proceedings pending against her. In five of those proceedings, the Inquiry Tribunal has issued charges, varying from one count to six counts. In the remaining eight proceedings, the Inquiry Tribunal voted to issue charges but has not yet done so.

Markita J. Shelburne acknowledges that she violated a number of disciplinary rules: she failed to provide competent representation, Rule 1.1; she failed to consult with her clients, Rule 1.2; she regularly failed to act with reasonable diligence, Rule 1.3; she failed to keep her clients reasonably informed, Rule 1.4; she provided financial assistance to a client in connection with pending litigation, 1.8(e); she failed to keep her own funds separate from her client's, 1.15(a); she misappropriated client funds in five cases, 1.15(b); and she engaged in conduct involving dishonesty, fraud, deceit or misrepresentation, Rule 8.3(c).

Therefore, it is ordered that Markita J. Shelburne's motion to resign from the Kentucky Bar Association under terms of disbarment is granted. It is further ordered that:

1) Markita J. Shelburne shall not be permitted to engage in the practice of law in the Commonwealth of Kentucky until such time as the Supreme Court of Kentucky enters an order reinstating her membership in the Kentucky Bar Association.

2) Markita J. Shelburne shall not file an application for reinstatement to the practice of law for a period of five years from the date of this order.

3) Notwithstanding the five-year period mentioned above, Markita J. Shelburne shall not seek reinstatement so long as there are pending against her any claims made by clients for restitution arising out of her professional misconduct, including claims by clients to the Clients' Security Fund of the Kentucky Bar Association.

4) Any application for reinstatement shall be governed by SCR 3.520, or any subsequent amendment thereto regarding reinstatement in case of disbarment.

5) All disciplinary proceedings against Markita J. Shelburne are hereby terminated and the costs thereof in the amount of $1683.06 shall be paid by Ms. Shelburne in accordance with SCR 3.450(1) and SCR 3.480(3).

6) To the extent she has not done so in compliance with the order of temporary suspension entered March 21, 1996, Markita J. Shelburne shall, pursuant to SCR 3.390, provide notice to any clients of her inability to provide further legal services and shall notify all courts in which she has matters pending

of her resignation under terms of disbarment. She shall provide the Director of the Kentucky Bar Association with copies of all such letters. Markita J. Shelburne states that she will supply the Director with a statement of compliance if all clients have already been notified.

All concur.

ENTERED: October 24, 1996.

/s/ <u>Robert F. Stephens</u>
Chief Justice